GREEN (UNITED STATES v.). See Cases Nos. 15,255–15,257.

GREEN v. VAN WINKLE. See Case No. 5,757.

GREEN, The ANN. See Case No. 414.

GREEN BAY (MYGATT v.). See Case No. 9,998.

---

## Case No. 5,762.

### GREENE v. BATEMAN.

[2 Woodb. & M. 359.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1846.

#### SALE—PRICE—COSTS.

1. Where shingles were sold and delivered at $3.25, but there was a dispute as to whether the $3.25 was for a bunch or for a thousand; it was *held*, that, unless both parties had understandingly assented to one of those views, there was no special contract as to the price.

[Cited in Hughes v. Mercantile Mut. Ins. Co., 55 N. Y. 269; Cummer v. Butts, 40 Mich. 325; Miller v. Tracy (Wis.) 56 N. W. 868.]

2. After the dispute on this point arose, the vendee offered to return the shingles, or pay for them by the thousand; but the vendor refused to accept them, and insisted on being paid by the bunch, and then the vendee kept and sold them. *Held*, that the rule of damages in assumpsit, by the original vendor, was the amount of the proceeds of such sale, after deducting a fair compensation for the services of the vendee, and not the whole value of the shingles.

[Cited in Harran v. Foley, 22 N. W. 837.]

3. The plaintiff having recovered on them less than $500, the court declined, under the circumstances, to allow costs to the defendant. Costs are not allowed to defendants in such cases, unless for special reasons.

[Applied in Miller v. Tracy, 86 Wis. 336, 56 N. W. 866.]

This was assumpsit for the payment for one hundred and twenty-one bunches of shingles sold by the plaintiff [Oliver F. Greene] to the defendant [William P. Bateman] in June, 1846, as he alleged, at the price of $3.25 per bunch. The defendant pleaded, that he never promised, and at the trial here this term, the delivery of the shingles was admitted; but the defendant insisted, that he bought them at $3.25 per thousand, in-

1 [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

stead of $3.25 per bunch; and as there were but five hundred in a bunch, that the plaintiff ought to recover only at that rate. Much evidence was offered to prove what the parties meant as to the price when the shingles were delivered. The plaintiff was shown to be resident in Albany, N. Y., where shingles are sold by the bunch, and the defendant in Providence, R. I., where they are sold generally by the thousand; and several witnesses who were present, and others who conversed with the plaintiff beforehand, were introduced on both sides to show, whether the plaintiff meant to sell at $3.25 per bunch, or $3.25 per thousand. It further appeared in evidence, that after the delivery of the shingles, and the defendant came to pay for them, the plaintiff refused to receive $3.25 per thousand, contending that he expected and sold them for $3.25 per bunch. And the defendant, denying that he so understood the bargain, offered to the plaintiff that he might take the shingles again; but the plaintiff declined that, insisting that he had sold them for more. The parties separated on this, the defendant not having brought the shingles back and tendered them, but proceeded to sell them at retail for the price of $4.50 per thousand. The plaintiff having at once brought this suit, the defendant, during the present session, paid into court $202, in full of what he was bound to pay, but offered no costs, as is required under the rule on this subject.

D. J. Pearce, for plaintiff.
R. Greene, for defendant.

WOODBURY, Circuit Justice, instructed the jury, that the parties in this case relied upon a special contract made at the time of the delivery of the shingles; and if one was then actually made in fact and in law, the amount recovered must conform to it. But in order to constitute such a contract and make it binding on the parties, the minds of both must have assented to the same terms. If they did not, there was no aggregatio mentium, no agreement or understanding of both to one sum or stipulation. If one agreed to $3.25 per bunch, and the other to $3.25 per thousand, only half as high a price, there was in truth no contract, as it takes two, we all know, both in fact and in law, to make a contract. Had nothing been said as to bunches or thousands, and the sale was of shingles at $3.25, it might be presumed that the parties meant per thousand, as it was shown to be usual to sell by the thousand at Providence; and it surely would be so presumed if a knowledge of this usage had been brought home to the plaintiff, or if he as well as the defendant had resided at Providence, and thus been likely to know and conform to the usage. But neither of these last were proved. The evidence was in truth the other way; and it also appeared, that the plaintiff spoke of bunches during the trade, and his

price per bunch; and the defendant spoke of thousands.

The question then arises, whether the jury are satisfied that both parties assented to the price of $3.25 per bunch, or of $3.25 per thousand, or to neither of them. If one party assented to the first, and the other did not; or if one party assented to the second, and the other did not; then no special contract was made, which binds them; but if both assented to either, and when they came to settle one of them attempted to change the terms and prove tricky, he is not to be exonerated, if the property was delivered on terms which both assented to at that time. And in this last event it will be the duty of the jury to find for the plaintiff the $3.25 per bunch or thousand, as they conclude one or the other was agreed on by both, when the shingles were delivered. If the jury, however, think there was an honest and mutual mistake, and both of them never assented to the same terms, the idea of a special contract, as either sets it up, must be abandoned.

How do the parties then stand, in such an event, as to their rights? The defendant, when he came to make payment, finding that he had not understood the price as the vendor professed to, proposed that the sale be abandoned, and the plaintiff take back the shingles. This was declined to be done, and payment at $3.25 insisted on. The counsel for the defendant argue, that, under such circumstances, the plaintiff must be presumed to have agreed, that the defendant keep the shingles at only $3.25 per thousand. But the plaintiff, insisting that he was entitled to more, and would make no arrangement without being paid more, repels any inference, that he agreed to receive less. Such an inference might have arisen had he been silent, and left the property without demanding more, but not when he did the contrary. Had the defendant then gone further and returned the articles to him, or set them apart, and given notice that he should not keep them, and had afterwards never intermeddled with, nor sold them, then, in law, he would not be made liable for the shingles, except on some special contract duly proved. But, instead of doing that, the defendant took the shingles and afterwards sold them. Under such a state of facts, if no special contract is satisfactorily shown, the defendant in this action of assumpsit can be made liable for the price received for them, deducting usual charges and commissions. He is in that view, in the action of assumpsit, treated like a trustee or agent of the plaintiff, selling on his account and for his benefit, and it is equitable and legal for both parties, that having received the money, he should pay it over to the owner, after retaining a due compensation for his own services. If the plaintiff, on the ground that the special contract had never been understandingly completed, or if it had been, was refused to be fulfilled, and was re-

pudiated or rescinded by the defendant, had gone and demanded the property, and on its not being delivered, had brought trover, he might perhaps have been entitled to recover its whole value, but not so in this form of action, and on the state of facts existing here.

The plaintiff is admitted to be entitled to recover something, as the defendant has paid into court over two hundred dollars for him; but not under the rule with costs. You, therefore, will take no notice of that in your verdict, but find for him as the facts require under these instructions, either $3.25 per bunch, or $3.25 per thousand, as the contract may be satisfactorily proved either way. But if it be not so proved, you will find the sum which the defendant sold the shingles for, after deducting a proper compensation for his services. In either event, you will allow interest from the time the defendant was bound to pay. The jury returned a verdict for $3.25 a thousand, and interest, and the defendant moved, that the plaintiff receive no costs, and pay costs to him, under the provision of the judiciary act of congress, passed September, 1789 (section 20). The words relating to this subject are, —if plaintiff in the circuit court "recovers less than the sum of $500," "he shall not be allowed, but at the discretion of the court may be adjudged to pay costs." 1 Stat. 83. Without this provision, the court could not probably give costs to either party in a case like this (Harthshorn v. Wright [Case No. 6,169]; Hulsecamp v. Teel [Case No. 6,862]; [Livingston v. Moore] 7 Pet. [32 U. S.] 483; [Gordon v. Longest] 16 Pet. [41 U. S.] 97); because the declaration on its face claims less than $500, though the ad damnum in the writ is for more; and if the court has jurisdiction by the ad damnum, it is probable when it does not conflict with the declaration; and hence in such case of no jurisdiction it could, as a general principle, give costs to neither side any more than the debt. See cases collected in Burnham v. Rangeley [Case No. 2,177]. But here the court is empowered to give judgment for the debt, and also in its discretion to give costs to the defendant, but not to the plaintiff, if he recovers less than $500. Lister v. Green, 8 Cranch [12 U. S.] 224.

It is a sort of penalty imposed on the plaintiff to lose his costs; and a discretion is given to the court to increase the penalty, so as to make him pay costs to the defendant in all proper cases, if he recovers less than $500. We are referred to no precedents in this district, or elsewhere, of the court in its discretion imposing this additional burden on the plaintiff in such a case. Generally it is a sufficient punishment to a party in such case, having an honest debt, to lose all his costs; and generally it is a sufficient remuneration to the defendant for being summoned into a higher and more expensive court to pay what he justly owes, to ex-

onerate him from paying any costs whatever. I can conceive of cases where, without any precedent, it might be a sound exercise of the discretion given to us on this subject, to punish the plaintiff more and remunerate the defendant more. Thus, if the claim of the plaintiff was a trivial or frivolous one, and not as here over $200 in amount as recovered, and more than double that as proved by some of his witnesses. Or if the suit seemed brought in this court for vexation, or the plaintiff having doubtfully a real residence elsewhere, and the defendant dragged far from home for trial at unnecessary and aggravated expense, and not as here, the plaintiff permanently a citizen of another state, and the defendant sued at a court holden in the same city where he resides, and tried with as little expense, inconvenience, or delay as practicable. In either of these events, and some others, which might be supposed, it might be discreet and just to allow the defendant all or a part of his costs, though found indebted for something. But here, though the defendant has not evinced a litigious spirit himself, and has made advances towards settling the matter at the time, and since, by bringing money into court, and thus probably has received a favorable and low assessment of damages from the jury, yet he has on neither occasion done enough in law to exonerate himself from liability; and the sum recovered against him is not a trifling claim, and he has not been harassed by its being sued and tried at a distance. We are not satisfied, therefore, that either substantial justice to him, or any misbehavior of the plaintiff, require us to make the latter, besides losing his own costs, pay those also of the defendant. Enter judgment then for the plaintiff for his debt, as found by the jury, but allow costs to neither party.